UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JOSE BERNAZARD,

        Plaintiff,

- versus -

SOPHIE BARTSICH, M.D.; DAVID
ANDERSON, M.D.; ALFREDO WONG,
M.D.; DR. GOTTLIEB; JAMAICA
HOSPITAL MEDICAL CENTER; CITY
OF NEW YORK; DR. FRETWELL;
DR. KHALIL,

        Defendants.

MEMORANDUM
AND ORDER
15-CV-945 (JG)

---

JOHN GLEESON, United States District Judge:

        Jose Bernazard, currently incarcerated at the George Motchan Detention Center at Rikers Island, brings this *pro se* action pursuant to 42 U.S.C. § 1983.[1] Bernazard's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted, but for the reasons discussed below, the complaint is dismissed.

## BACKGROUND

        Bernazard alleges that he was treated by defendant physicians at Jamaica Hospital, located in Queens, New York, after being shot multiple times by a New York City Police Officer during the course of his arrest on June 16, 2013.[2] He alleges that defendants Sophie Bartsich and David Anderson, doctors who treated him at Jamaica Hospital, altered medical records to state that his left hand suffered "gunshot blast" instead of noting that a bullet

---

[1] This action was transferred to this court from the United States District Court for the Southern District of New York by Order dated February 20, 2015, ECF No. 3.

[2] Plaintiff filed a separate action against the police officer. *See Barnazard v. Koch*, 15-CV-642 (JG) (pending).

fragment was extracted. Compl. at 3. Bernazard also alleges that he was released from Jamaica Hospital on June 30, 2013 before "he was fully recovered" and that Jamaica Hospital was "severely negligent in providing me full medical recovery." *Id.* Bernazard seeks monetary damages. Compl. at 4.

## DISCUSSION

A. *The Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

District courts are required to read *pro se* complaints liberally: "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The court must therefore interpret the complaint "to raise the strongest arguments that it suggests." *Chavis v. Chappuis*, 618 F.3d 162, 170 (2d Cir.2010) (quoting *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010)) (quotation marks omitted). Moreover, at the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir.2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

2

To state a claim for relief pursuant to 42 U.S.C. § 1983, a plaintiff must allege that the challenged conduct was "committed by a person acting under color of state law" and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

B. *Analysis*

1. *The City of New York*

Congress did not intend municipalities to be held liable under Section 1983, "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Thus, "to prevail on a claim against a municipality under Section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). The fifth element reflects the principle that "a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Board of County Commissioners v. Brown*, 520 U.S. 397, 403 (1997). In other words, a municipality may not be held liable under § 1983 "by application of the doctrine of respondeat superior." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986) (plurality opinion). Rather, there must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Bernazard has failed to allege any facts that would support an inference that an official policy or custom of the City of New York caused a violation of his federally protected rights. Accordingly, his complaint against the City of New York is dismissed.

2. *Jamaica Hospital and Physicians*

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Kia P. v. McIntyre*, 235 F.3d 749, 755 (2d Cir. 2010) (quotation marks and citations omitted). In other words, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks and citations omitted).

Bernazard has not alleged that Jamaica Hospital or its physicians were state actors or that their actions "bec[a]me so entwined with governmental policies or so impregnated with a governmental character as to become subject to the constitutional limitations placed upon state action." *Perez v. Sugarman*, 499 F.2d 761, 764–65 (2d Cir. 1974) (quotation marks and citations omitted). Accordingly, his claims against Jamaica Hospital and the physicians who treated him while at Jamaica Hospital are dismissed.

3. *No Constitutional Violation*

In order to state a claim under Section 1983, plaintiff must allege that he was "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Here, plaintiff states that defendants violated his "constitutional rights under the medical rights act owed to each and every citizen of the [U]nited [S]tates." There is no "medical rights act" that is a law of the United States. Furthermore, there is no constitutional right to accurate medical records to which

plaintiff points or that I can discern. And plaintiff's allegation regarding his premature release from the hospital, even liberally construed as a deliberate indifference to an arrestee's serious medical needs under the Fourteenth Amendment, is merely conclusory and would require a detour from what is cognizable under Section 1983 into what is squarely within the purview of a negligence or medical malpractice claim. *See Santana v. Watson*, No. 13-CV-1549 (SAS), 2014 WL 1803308, at *5 (S.D.N.Y. May 6, 2014) ("[D]eliberate indifference is more substantial than mere disagreement over a course of treatment, negligence or even medical malpractice."). Thus, Bernazard has failed to set forth a violation of his constitutional rights as is necessary to state a claim under Section 1983.

## CONCLUSION

Accordingly, the complaint is dismissed without prejudice for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

When dismissing a complaint, a court should afford the plaintiff an opportunity to amend his pleading "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir.2000) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir.1999)). Therefore, I grant Bernazard leave to file an amended complaint. Bernazard may file an amended complaint on or before Monday, November 23, 2015. His amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. Bernazard is advised that any amended complaint he files will completely replace the original complaint. If Bernazard fails to comply with this order within the time allowed, the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis*

5

status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

JOHN GLEESON
United States District Judge

Dated: October 26, 2015
Brooklyn, New York