UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSE BERNAZARD,

                                Plaintiff,

                                                MEMORANDUM
            - against -                         AND ORDER
                                                15-CV-945 (JG)
SOPHIE BARTSICH, M.D., DAVID
ANDERSON, M.D., and JAMAICA
HOSPITAL MEDICAL CENTER,

                                Defendants.

JOHN GLEESON, United States District Judge:

On February 13, 2015, Jose Bernazard filed a *pro se* complaint pursuant to

42 U.S.C. § 1983 seeking monetary damages.  I dismissed that complaint on October 26, 2015

because it failed to state a claim upon which relief may be granted.  Because Bernazard is

proceeding *pro* se, I afforded him the opportunity to file an amended complaint on or before

November 23, 2015, and Bernazard did so on November 30, 2015.  The amended complaint does

not cure the deficiencies outlined in my October 26, 2015 order.  For the reasons stated in that

order as well as those set forth below, the action is dismissed.

## BACKGROUND

In his initial complaint, Bernazard alleged that on June 16, 2013, he appeared at

defendant Jamaica Hospital Medical Center "for life and death surgical procedures" after being

shot by a New York City police officer multiple times during the course of his arrest.  Compl. at

3.  He alleged that defendants Dr. Sophie Bartsich and Dr. David Anderson, doctors who treated

him at Jamaica Hospital, altered medical records to state that his left hand suffered "gunshot

blast," instead of noting that a bullet fragment was extracted.  *Id.*  The complaint states that

defendants conspired to alter the records "to deprive [Bernazard of] crucial evidence again[st] NYC Police officer, [who] intentionally tr[ie]d to kill [him]." *Id.* Bernazard also alleged that he was released from Jamaica Hospital on June 30, 2013 when he "was not fully recovered" and that Jamaica Hospital was "severely negligent [i]n providing [him] full medical recovery." *Id.* The complaint charges that defendants violated Bernazard's "constitutional rights under the medical rights act owed to each and every citizen of the [U]nited [S]tates." *Id.*

The amended complaint, which I have liberally construed as a timely submission, omits some of the defendants previously listed, naming only Jamaica Hospital, Dr. Bartsich, and Dr. Anderson. It nonetheless repeats the same allegations in his initial complaint. The amended complaint alleges that the defendant doctors "altered and falsified" his medical records to reflect that he suffered a gunshot blast to his left hand, not that a bullet was extracted, which he claims violates his constitutional right "to secure evidence against [the] police officer who shot [him] multiple times." Am. Compl. at 3. It also alleges that Bernazard was administered medical care negligently because he was released too soon, adding that the early release precluded follow-up surgery needed "on the bullet lodged in [his] neck." *Id.* Bernazard is seeking damages. *Id.* at 5.

DISCUSSION

A.     *The Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is

based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141

F.3d 434, 437 (2d Cir. 1998) (quotations marks and citations omitted).

District courts are required to read *pro se* complaints liberally: "a *pro se*

complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976) (quotation marks omitted)). A court must therefore interpret a

complaint "to raise the strongest arguments that it suggests." *Chavis v. Chappuis*, 618 F.3d 162,

170 (2d Cir. 2010) (citing *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010)) (quotation

marks and alteration omitted). Moreover, at the pleadings stage, a court must assume the truth of

"all well-pleaded, nonconclusory factual allegations" in a complaint. *Kiobel v. Royal Dutch*

*Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)).

To state a claim for relief pursuant to 42 U.S.C. § 1983, a plaintiff must allege

that the challenged conduct was "committed by a person acting under color of state law," and

that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the

Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)

(citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (quotation marks omitted)).

B.      *Analysis*

1.      *State Action*

"The traditional definition of acting under color of state law requires that the

defendant in a § 1983 action have exercised power possessed by virtue of state law and made

possible only because the wrongdoer is clothed with the authority of state law." *Kia P. v.*

*McIntyre*, 235 F.3d 749, 755 (2d Cir. 2010) (quotation marks and citations omitted). In other

words, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks and citations omitted).

In his amended complaint, Bernazard concludes that "the Defendants were acting under the color of state law when they provided negligent medical care and produced falsified medical documents." Am. Compl. at 5. In support of that position, he cites to a Fourth Circuit case, *Conner v. Donnelly*, 42 F. 3d 222, 223 (4th Cir. 1994). *Donnelly* applied the Supreme Court's holding in *West v. Atkins*, 487 U.S. 42, 55-56 (1988). In *West*, the Supreme Court held that when a state delegates to a private physician its constitutional duty to provide medical care to prison inmates, that physician acts under color of law in providing medical care to inmates. In *Conner*, the court found that a private physician acted under color of state law when he treated an inmate outside of the prison on referral from the prison doctor, even though the doctor had no contract with the state to treat inmates.

This case is not analogous to *Conner*. Jamaica Hospital and its physicians were not performing a function that is traditionally the responsibility of the state, nor does it have any employment relationship with the state in general or specific to this case. *See Castro v. Sobkowiak*, No. 12-CV-1242A (SR), 2015 WL 5316347, at *3 (W.D.N.Y. Sept. 11, 2015) ("Private physicians are generally not state actors, especially where the physician is not performing a function traditionally reserved for the state and where the physician was not under contract with the State to provide medical services."); *Koulkina v. City of New York*, 559 F. Supp. 2d 300, 320 (S.D.N.Y. 2008) (a private physician not state actor when he merely provided treatment in accordance with his professional medical judgment and was not under a state contract); *Vazquez v. Marciano*, 169 F. Supp. 2d 248, 253-54 (S.D.N.Y. 2001) (an

emergency room physician not a state actor, in part because he was not under contract with the state or performing a function traditionally reserved for the state).

In addition, the mere fact that Jamaica Hospital was the receiving hospital of a patient shot by a New York City Police officer does not make it or the defendant physicians' actions "so entwined with governmental policies or so impregnated with a governmental character as to become subject to the constitutional limitations placed upon state action." *Perez v. Sugarman*, 499 F.2d 761, 764-65 (2d Cir. 1974) (quotation marks and citation omitted); *Brown v. Pangia*, No. 11 CIV. 6048 (AT), 2014 WL 2211849, at *3 (S.D.N.Y. May 27, 2014) (regulation by the state does not, by itself, convert a hospital or its physicians into state actors, and a doctor's obligation to treat plaintiff did not arise from plaintiff's status as an arrestee, but from his status as an incoming patient to the emergency room); *Szekeres v. Schaeffer*, 304 F. Supp. 2d 296 (D. Conn. 2004) (private social worker not a state actor when she provided allegedly false facts to the police).

Because Bernazard's amended complaint fails to properly allege that defendants acted under color of state law, his § 1983 claim is dismissed. Plaintiff is denied leave to amend because such an amendment would be futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend."). Bernazard's § 1983 claim hinges on the treatment he received at Jamaica Hospital, but after receiving an opportunity to amend, he cannot establish that the hospital or its physicians acted under color of state law. Accordingly, plaintiff's claims against Jamaica Hospital, and the physicians who treated him while at Jamaica Hospital, are dismissed.

2.    *Constitutional Violation*

Moreover, Bernazard has failed to allege a constitutional violation.  In order to

state a claim under § 1983, plaintiff must allege that he was "deprived a person of rights,

privileges or immunities secured by the Constitution or laws of the United States."  *Pitchell v.*

*Callan*, 13 F.3d 545, 547 (2d Cir. 1994).  Here, Bernazard alleges only that his medical records

favor the police's version of events, not his, and that the defendants were negligent in releasing

him prematurely.  As I stated in my previous order, there is no constitutional right to accurate

medical records.  Bernazard alleges that the error in his medical records stating that doctors

treated a gunshot blast, not that they removed a bullet or bullet fragment, violates his

constitutional right "to secure evidence against [the] police officer who shot me multiple times."

Again, there is no constitutional right for a private citizen to secure evidence; investigating a

crime and securing evidence is the province of law enforcement.  Furthermore, Bernazard's

allegation regarding his premature release, even liberally construed as deliberate indifference to

an arrestee's serious medical needs under the Fourteenth Amendment, is merely conclusory.  *See*

*Santana v. Watson,* No. 13 CIV. 1549 (SAS), 2014 WL 1803308, at *5 (S.D.N.Y. May 6, 2014)

("[D]eliberate indifference is more substantial than mere disagreement over a course of

treatment, negligence or even medical malpractice.").  Thus, Bernazard's amended complaint

fails to set forth a violation of his constitutional rights, as is necessary to state a claim under

§ 1983.

CONCLUSION

Accordingly, the amended complaint is dismissed for failure to state a claim upon

which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  The Court certifies pursuant to

28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma*

*pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S.

438, 444-45 (1962).

So ordered.

John Gleeson
United States District Judge

Brooklyn, New York
January 9, 2016